IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL CRISCITELLO | : |
| v. | : NO. |
| CODE GREEN SOLAR LLC and CHARLES KARTSAKLIS | : **JURY TRIAL DEMANDED** |

**COMPLAINT**

1. Plaintiff, Michael Criscitello, is an adult individual who resides at 1 Crisfield Rd., Sicklerville, NJ 08081.

2. Defendant, Code Green Solar LLC (hereinafter "Code Green"), is a Limited Liability Company with a place of business located in Camden County, New Jersey at 523 Hollywood Ave., Cherry Hill, NJ 08002.

3. Defendant, Charles Kartsaklis (hereinafter "CK"), is an adult individual who resides at 1 Crisfield Rd., Sicklerville, NJ 08081.

4. Jurisdiction is invoked herein pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. 201, et seq. (hereinafter "FLSA").

5. Defendant Code Green is a solar energy business.

6. Defendant CK is the owner and CEO of defendant Code Green, and, during all times material hereto, he controlled all aspects of the business operations of defendant Code Green

including the administration of payroll and, thus, he played an active role in defendant's decision-making.

7. On or about June 1, 2017, plaintiff was hired by defendants to work as a recruiter and trainer for the sales staff.

8. Starting on or about August 28, 2017, plaintiff was promised the following compensation by defendants: (1) a bi-weekly base salary of $1,730.77 (amounting to $45,000.00 annually); (2) commissions equal to $100.00 per sale by all Sales Representatives he recruited and all leads converted into sales by all Direct Marketing Representatives; and (3) reimbursement of expenses for up to $250.00 per week. (Exhibit A hereto).

9. Starting about December 12, 2017, plaintiff was promised the following compensation by defendants: (1) a continuation of his bi-weekly base salary of $1,730.77 (amounting to $45,000.00 annually); (2) commissions equal to $.20 per watt (or $200.00 per kilowatt) for each sale by sales representatives; (3) a commission of $100.00 for each lead converted to a sale by Direct Marketing Representatives; and (4) reimbursement of expenses for up to $50.00 per week. (Exhibit B hereto).

.

10. Plaintiff estimates that he earned at least $15,000.00 in commissions through December 12, 2017 for sales by the Sales Representatives he recruited and for leads converted into sales by the Direct Marketing Representatives he recruited between June 1, 2017 and December 12, 2017.

11. Plaintiff was paid only a fraction of the commissions earned from defendants through December 12, 2017 in the sum of $2,412.92.

12. Thus, plaintiff is owed at least $12,587.08 in commissions earned through December 12, 2017.

13. Plaintiff estimates that he earned at least $64,400.00 in commissions for at least 332 kilowatts sold by the defendants Sales Representatives after December 12, 2017 and through March 31, 2018.

14. Plaintiff estimates that he earned at least $1,500.00 in commissions for leads converted into sales by the Direct Marketing Representatives between December 12, 2017 and through March 31, 2018.

15. Defendants failed to pay any of plaintiff's commissions earned after December 12, 2017, and thus owes at least $65,900.00 for these commissions.

16. Through about February 2, 2018, defendants paid plaintiff's bi-weekly salary in a timely manner.

17. Between about February 3, 2018 and February 28, 2018, defendants' failed to pay plaintiff his salary for a total of at least $3,708.79.

18. Defendants failed to pay plaintiff and wages—not even minimum wages-- for his work between February 2, 2018 and February 28, 2018.

19. Plaintiff worked at least 50 hours per week between February 2, 2018 and February 28, 2018 and defendants were aware that plaintiff was working for them during this time period.

20. Plaintiff also claims continuing commissions based upon the December 12, 2017 agreement (Exhibit B) in an amount to be determined at trial in this matter.

21. On February 28, 2018, plaintiff was forced to resign from employment with defendants because he had not received any compensation for his work for over a month.

22. Defendants violated the Fair Labor Standards Act (FLSA) by intentionally failing to pay plaintiff at least minimum wages for his work between February 3, 2018 and February 28, 2018, and pursuant to the FLSA, defendants owe plaintiff a total of at least $15,172.41 in unpaid salary and commissions.

23. Pursuant to the FLSA, defendants are each responsible for liquidated damages in the same amount as actual damages during the time period between February 3, 2018 and February 28, 2018 in the sum of at least $15,172.41.

24. Pursuant to the FLSA, defendants are each responsible for payment of reasonable attorneys' fees and costs associated with the prosecution of this action.

25. Defendants also violated The New Jersey Wage Collection Law (hereinafter "NJWCL"), N.J.S.A. 34-11-66by intentionally failing to pay plaintiff all wages and compensation he earned between about June 1, 2017 and about March 31, 2018, which, as aforesaid, is estimated to be in excess of $82,195.87.

26. Pursuant to the NJWCL, defendants are each responsible for liquidated damages in the same amount as actual damages for all compensation unpaid between about June 1, 2017 and March 31, 2018 in a sum of at least $82,195.87.

27. Pursuant to the NJWCL, defendants are each responsible for payment of reasonable attorneys' fees and costs associated with the prosecution of this action.

COUNT 1- FLSA—UNPAID MINIMUM WAGES

28. Plaintiffs repeat paragraphs 1-27 as if more fully set forth herein.

29. Defendant CK is personally liable under the FLSA because he was an "employer" as defined under the FLSA because, at all times material hereto, he was an officer of the defendant Code Green and he maintained control over defendant Code Green's

operations and employment practices including but not limited to all aspects of the business operations of defendant Code Green including the administration of payroll.

30. Defendants failed to pay plaintiff the applicable minimum wage of $7.25 per hour during multiple workweeks in violation of 29 U.S.C.§206(a) by failing to issue a paycheck at the designated pay periods or pay commissions between about February 3, 2018 and March 28, 2018 pursuant to the FLSA.

31. As a result of Defendants' unlawful practices, plaintiff suffered an actual loss of wages in excess of $15,172.41 during this time period.

32. Plaintiff is entitled to recover from the Defendants liquidated damages in a sum equal to actual damages pursuant to the FLSA.

33. Plaintiff is entitled to recover from the defendants reasonable attorneys' fees at a rate of $450.00 per hour and costs pursuant to the FLSA.

WHEREFORE, Plaintiff demands judgment on Count 1 against defendants Code Green Solar LLC and Charles Kartsaklis, either individually, jointly or severally, in a sum of at least $30,344.82 together with reasonable attorney's fees and costs of suit.

COUNT 2- NJWCL

34. Plaintiffs repeat paragraphs 1-33 as if more fully set forth herein.

35. Pursuant to the NJWCL, plaintiff has a right to file a civil action in this court to enforce payment of wages and compensation withheld by defendants.

36. Under the Act, an agent or officer of the employer, such as defendant CK, can be held to be personally liable for violations of the Act if the officer(s) played an active role in corporate decision-making.

37. As aforesaid, plaintiff estimates that he is owed in excess of $82,195.87 in wages from defendant for work he performed during the aforesaid time-period.

38. Defendants have violated the NJWCL by failing to pay plaintiff wages and compensation due to plaintiff as described herein above.

39. By and through its conduct, defendant violated the NJWCL by intentionally failing to pay plaintiff for all of compensation due pursuant to his employment agreements.

40. Based upon the foregoing, all defendant is liable to plaintiff for actual damages in the sum of at least $82,195.87.

41. Based upon the foregoing, defendant is liable to plaintiff for liquidated damages pursuant to the NJWCA in an amount equal to actual damages.

42. Based upon the foregoing, all defendant are liable to plaintiff for reasonable attorneys' fees and costs associated with the prosecution of this Count.

WHEREFORE, Plaintiff demands judgment on Counts 2 against defendants Code Green Solar LLC and Charles Kartsaklis, either individually, jointly or severally in a sum in excess of $164,391.74 together with reasonable attorney's fees and costs of suit.

Date: June 21, 2018

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
1845 Walnut Street
Suite 1199
Philadelphia, PA 19102
215-546-6033 (tel)
215-546-6269 (fax)
Email: samueldion@aol.com
Attorneys for Plaintiff